United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60632
Summary Calendar
_____

MEI HUA CHEN,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A98 880 761)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

        Petitioner Mei Hua Chen seeks review of an order of the Board
of Immigration Appeals (BIA) that denied her motion to reopen
removal proceedings.  In April 2005, an Immigration Judge (IJ)
ordered Chen removed in absentia.  In March 2006, after two prior
motions to reopen had been denied, Chen filed her third motion to
reopen.   The  BIA  denied  Chen's  third  motion  to  reopen  as
numerically barred pursuant to 8 C.F.R. § 1003.2(c)(2) and also
noted that, even if the motion were not number barred, it would be
denied for failing to establish a claim of ineffective assistance

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of counsel.  Chen argues that the BIA erred in finding that she had not established a claim of ineffective assistance of counsel and that, as a result, the BIA abused its discretion in finding her motion numerically barred.

As Chen previously filed two other motions to reopen, her third motion to reopen was barred by the numerical limitation set forth in § 1003.2(c)(2), which permits only one motion to reopen. The BIA did not abuse its discretion in denying Chen's motion to reopen.  See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). Furthermore, we agree with the BIA's observation regarding Chen's failure to establish a viable claim of ineffective assistance of counsel.  Chen's petition for review is DENIED.

2